## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JA'UAN T. SWANSON (#501719)**                    **CIVIL ACTION NO.**

**VERSUS**                                                          **22-432-JWD-EWD**

**HILLAR MOORE, III, ET AL.**

### NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on January 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JA'UAN T. SWANSON (#501719)**                          **CIVIL ACTION NO.**

**VERSUS**                                                              **22-432-JWD-EWD**

**HILLAR MOORE, III, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Ja'uan T. Swanson ("Swanson"), who is representing himself and who is confined at the Raymond LaBorde Correctional Center in Cottonport, Louisiana.[1]   Because Swanson's Complaint attacks the constitutionality of his conviction or imprisonment, his civil rights claim is subject to dismissal as legally frivolous and/or for failure to state a claim under *Heck v. Humphrey*[2] unless and until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.   Accordingly, it is recommended that this action be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## I.   BACKGROUND

On or about June 16, 2022, Swanson brought this suit against Hillar Moore, III; Beau Higginbotham; and Gail Horne Ray, on the form complaint for civil rights suits under 42 U.S.C. § 1983.   Swanson seeks injunctive and monetary relief [3] against Defendants for alleged civil rights violations in connection with a state criminal trial.[4]

---

[1] R. Doc. 1.
[2] 512 U.S. 477 (1994).
[3] R. Doc. 1, p. 3.
[4] R. Doc. 1, p. 2.  Swanson previously brought claims regarding the same criminal proceedings in this Court while the proceedings were ongoing. Those claims were also dismissed as legally frivolous and for failure to state a claim. *Swanson v. Higginbotham*, No. 16-727 (M.D. La.), R. Docs. 6-8.

## II.    LAW & ANALYSIS

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5]  The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[6]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  For a complaint to survive

---

[5] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Swanson was granted IFP status on July 6, 2022, so both statutes apply.  R. Doc. 5.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[9] *Id.*

2

dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[10]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B. Swanson's Claims are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[15] Swanson's claims attack the constitutionality of his imprisonment by virtue of a forced plea deal, untimely prosecution, and apparently, ineffective assistance of counsel,[16] but Swanson does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way. To the contrary, it does not appear that Swanson's imprisonment has been called into question all.[17]

---

[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[16] Swanson names his attorney in the state criminal proceedings, Gail Horne Ray, presumably because she was allegedly ineffective in representing Swanson. R. Doc. 1, p. 2.
[17] A search of the Westlaw database revealed no challenges to the conviction or sentence at either the state or federal level.

As Swanson's Complaint challenging the constitutionality of his sentence and continued imprisonment under 42 U.S.C. § 1983 is barred by *Heck v. Humphrey*, the Complaint fails to state a federal claim upon which relief may be granted and/or is legally frivolous and should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Generally, the proper way to challenge a state court conviction in federal court is through a writ of habeas corpus. Although §1983 suits may be construed as habeas applications in certain circumstances, it would not be proper to do so here, as it appears Swanson has not yet exhausted his claims in the state courts.[18] Further, while ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Swanson should not be allowed leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal.[19] Ineffective assistance of counsel claims are not cognizable in a § 1983 complaint.[20] Additionally, Swanson's claims for monetary relief against Defendants Higginbotham and Moore appear to be barred by the doctrines of judicial and prosecutorial immunity.[21] Finally, the only request for injunctive relief that would not be barred by absolute immunity, requesting that this Court set up a supervisory board to preside over state criminal proceedings, is not cognizable.[22]

---

[18] As noted, the absence of appellate or post-conviction challenges was confirmed through a Westlaw search, which confirmed no decisions regarding Swanson's guilty plea.

[19] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

[20] *Jordan v. Starkville Police Dept.*, No. 22-104, 2022 WL 4793527 at *1 (N.D. Miss. Sept. 30, 2022) (noting ineffective assistance of counsel claims sound in habeas corpus and are not properly raised in a case filed under § 1983).

[21] *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (affirming dismissal of claims against district attorney and judge as frivolous).

[22] *See Johnson v. Bigelow*, 239 Fed.Appx 865 (5th Cir. 2007) (*per curiam*) (affirming the dismissal as frivolous of a prisoner's request for injunctive relief under 42 U.S.C. § 1983 against a state judge because "the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").

Since amendment would not save Swanson's claims, it is recommended that he not be granted leave to attempt to state a claim.

### C. Exercise of Supplemental Jurisdiction Over Potential State Law Claims Should be Denied

Finally, to the extent that Swanson's allegations may be interpreted as an attempt to invoke this Court's supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[23] Having recommended dismissal of all Swanson's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims and that all federal claims of Plaintiff Ja'uan T. Swanson be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 1915A and that this case be **CLOSED**.[24]

Signed in Baton Rouge, Louisiana, on January 17, 2023.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] 28 U.S.C. § 1367.

[24] Swanson is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.